**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JAMES MAIDEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No. RWT 07-0886 |
| | ) |
| **USA REMEDIATION SERVICES, INC.,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On April 6, 2007, Defendant USA Remediation Services, Inc. ("Defendant") filed a Petition for Removal of a matter from the Circuit Court for Prince George's County to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. On that same day Defendant filed in the Circuit Court the requisite Notice of Removal as well. In response, Plaintiff James Maiden ("Maiden") filed a Motion to Remand on April 12, 2006.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 17, 2006, Maiden filed a complaint against the Defendant in the Circuit Court for Prince George's County. In that Complaint, Maiden alleged that while fixing a light fixture at Prince George's County Community College, a valance that had been installed negligently by Defendant fell on him causing serious injury. Service of the complaint was made by certified mail on Defendant's registered agent and received on February 23, 2006.

Unbeknownst to Maiden at the time, the Defendant had been embroiled in Title 11 bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Virginia since October 16, 2005. Because the bankruptcy proceedings preceded the

filing of the Complaint, a stay was automatically imposed on the action according to 11 U.S.C. § 362(a). On December 15, 2006, the bankruptcy judge issued a Consent Order terminating and annulling the automatic stay *nunc pro tunc*, thereby allowing Maiden's action against the Defendant to proceed. On February 23, 2007, Judge Hotten of the Circuit Court for Prince George's County placed the matter on to the active docket after receiving notice that the stay had been removed.[1]

Although the December 15, 2006 order was by consent, Defendant alleges that it did not become aware that the matter was on the docket until an April 5, 2007 telephone conversation with their insurance carrier, who had learned of the situation from Maiden's counsel on March 20, 2007.

## ANALYSIS

**I.    Defendant's Failure To Remove This Case Within The Applicable 30-day Window Precludes This Court From Having Jurisdiction To Hear This Case.**

The text of 28 U.S.C. § 1446(b) (2006) states:

The notice of removal of a civil action or proceeding *shall be filed within thirty days* after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is on which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

---

[1] Defendant contends that it was never served with Judge Hotten's February 23, 2007 order. Defendant also contends that it did not receive the subsequent Scheduling Order issued on March 2, 2007, as it was sent to a former resident agent that had been replaced in March of 2006.

28 U.S.C. § 1446(b) (2006) (emphasis added).

In this case, defining the 30-day window prescribed by § 1446(b) requires the Court to consider the bankruptcy proceedings that had been filed prior to Maiden's complaint. In bankruptcy cases, there is an automatic stay pursuant to 11 U.S.C. § 362(a) that prohibits all actions associated with the debtor in any court, state or federal. *See Value Recovery Group, Inc. v. Hourani*, 115 F. Supp.2d 761, 767 (S.D. Tex. 2000). Section 362, however, allows a court to "grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d) (2006). Courts have described the effect of an annulment under § 362(d) as essentially rendering the stay a nullity when viewing any acts previously done in violation of the stay. *In re Boswell*, 206 B.R. 421, 423 (Bankr. W.D. Va. 1997). In other words, "an order annulling the stay could . . . validate actions taken by the party at a time when he may have been unaware of the existence of the stay." *In re Albany Partners, Ltd*, 749 F.2d 670, 675 (11th Cir., 1984)(quoting 2 Collier's Bankruptcy Manual ¶ 362.06 (3d. Ed. 1983)).

Though the Fourth Circuit has not addressed the effect of § 362(d) annulments on the 30-day window prescribed by § 1446(b), both the Sixth and Ninth Circuits have issued opinions on point. In *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905 (6th Cir. 1993), the plaintiff brought a products liability claim against a company involved in bankruptcy proceedings, thereby invoking an automatic stay under § 362(a). The stay was dissolved after a court-approved reorganization plan for the debtor company went into effect. *Id.* In finding the company's subsequent removal petition timely, the

*Easley* court held that "actions filed in violation of the automatic stay are removable once the stay is lifted . . . ." *Id.* at 908.

A similar situation arose in *Patterson v. Int'l. Bhd. of Teamsters, Local 959*, 121 F.3d 1345 (9th Cir. 1997), when the plaintiff filed a claim for breach of duty of fair representation by a union that had declared bankruptcy. The union filed a notice of removal within 30 days of the bankruptcy court lifting the automatic stay. *Id.* at 1348-49. In accord with *Easley*, the *Patterson* court found the union's notice of removal timely and held, "[i]f an automatic stay is in effect at the time the plaintiff files a state court action . . . the thirty day period for removal does not begin to run until relief is obtained from the automatic stay." *Id.* at 1349.

Maiden contends that the Bankruptcy Court's December 15, 2006 order effectively designated February 23, 2006, the date upon which Maiden originally served Defendant, as the beginning of Defendant's 30-day window for removal. The Court does not agree. Interpreting a *nunc pro tunc* annulment in this manner would fly in the face of the overall purpose of a § 362(a) automatic stay. *See* S. Rep. No. 95-989, at 54-55 (1978) (explaining that § 362(a) provides the debtor with a "breathing spell" from "the financial pressures that drove him into bankruptcy"). To set the starting point of the 30-day window at February 23, 2006 would mean that for the Defendant to have properly removed this case, it would have had to file a removal petition notwithstanding the existence of bankruptcy proceedings. Clearly "the purposes underlying the automatic stay would be thwarted" by imposing such a burden, *see Patterson*, 121 F.3d at 1349, as Defendant would not receive the "breathing spell" from its creditors to which it is entitled. *See* S. Rep. No. 95-989, at 54-55 (1978).

However, the December 15, 2006 consent order is significant in this case because it had the effect of validating the February 23, 2006 service. *In re Albany Partners, Ltd*, 749 F.2d at 675 (noting that annulling the stay "validate[s] actions taken by the party at a time when he may have been unaware of the existence of the stay"). Thus, Defendant's 30-day window for removal began to run when the annulment was granted on December 15, 2006. *Patterson*, 121 F.3d at 1349 (finding a notice of removal timely when filed within 30 days of the plaintiff obtaining relief from an automatic stay); *Easley*, 990 F.2d at 908 (concluding that "when an action is filed post-petition, in violation of the stay, the debtor must wait until the stay is lifted before filing a petition to remove . . . the debtor must [then] file its petition for removal within 30 days after the termination of the stay").

Defendant argues that starting the 30-day window on December 15, 2006 would be improper because it did not receive notice that this case was active on the state docket until April 5, 2007. However, this argument fails because Defendant *consented* to the December 15, 2006 order in which the annulment was granted. Through this consent order, Defendant was put on notice that the stay had been lifted. Given Defendant's consent to the removal of the stay, the Court concludes that the 30-day period began to run on December 15, 2006, and that by filing a notice of removal on April 6, 2007, Defendant was 111 days late. Because USA Remediation's petition was not timely filed, removal is not proper in this case.[2]

---

[2] An alternative argument set forth by Maiden is that Defendant also did not comply with the one-year limitation set out in § 1446(b) for cases arising out of diversity jurisdiction. Although an interesting argument, the Court will not address this issue because it concludes that Maiden's motion should be granted for the other reasons explained herein.

-6-

## CONCLUSION

For the foregoing reasons, Plaintiff James Maiden's Motion to Remand will be granted by separate order.

<pre>
July 27, 2007                            /s/
DATE                            ROGER W. TITUS
                                UNITED STATES DISTRICT JUDGE
</pre>